MASSEY–FERGUSON LIMITED, a corporation, Appellant,

v.

INTERMOUNTAIN FORD TRACTOR SALES COMPANY, a corporation, Cassia Equipment Co., a corporation, Elliotts Inc., a corporation, Chisholm Brothers Farm Equipment Co., a corporation and Charles W. Bullen, doing business as Bullen Farm Equipment Company, Appellees.

No. 7278.

United States Court of Appeals Tenth Circuit.

Dec. 24, 1963.

Rehearing Denied Jan. 24, 1964.

714

control of "North American Operations," the appellant Canadian corporation was enabled to and did direct "the detailed activities of the American corporation, including the operation of company stores in both Utah and Idaho; * * " and that it was, therefore, transacting business and found through its subsidiary within the District. Intermountain Ford Tractor Sales Company, a corporation et al. v. Massey-Ferguson Limited, a corporation et al., D.C., 210 F. Supp. 930, 939.

The judgment of the trial Court is affirmed.

Dennis McCarthy, of Van Cott, Bagley, Cornwall & McCarthy, Salt Lake City, Utah (L. R. Gardiner, Jr., Salt Lake City, Utah, and John F. Sonnett, New York City, and William T. Lifland, Princeton, N. J., of Cahill, Gordon, Reindel & Ohl, New York City, with him on the brief) for appellant.

Joseph L. Alioto, San Francisco, Cal. (Daniel L. Berman, of Rawlings, Wallace, Roberts & Black, Salt Lake City, Utah, with him on the brief), for appellees.

Before MURRAH, Chief Judge, and HILL and SETH, Circuit Judges.

PER CURIAM.

The question presented on this interlocutory appeal in an antitrust suit is whether the appellant Canadian corporation was, as the trial Court held, transacting business and found within the District of Utah, so as to be amenable to venue and process in that District, under Section 12 of the Clayton Act, 38 Stat. 738, 15 U.S.C. § 22.

We agree with the trial Court that by reason of its interlocking and integrated